IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

CIVIL ACTION NO.: 4:25-cv-178-BO-RN

CARL DAVIS and SHASMEKIA DAVIS, )
                                         )
        Plaintiffs, )
                                         )
vs. )
                                         )
STATE OF NORTH CAROLINA; NORTH )
CAROLINA OFFICE OF RECOVER AND )
RESILIENCY; SHEPHERD RESPONSE, )
L.L.C., )
                                         )
        Defendant. )

**DEFENDANT SHEPHERD RESPONSE, L.L.C.'s ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Shepherd Response, LLC ("Shepherd Response" or "Defendant"), by and through the undersigned counsel responds to Plaintiffs Carl Davis and Shasmekia Davis' ("Plaintiffs") Complaint as follows:

## FIRST DEFENSE

In response to the allegations in the individually numbered paragraphs of the Complaint, Shepherd Response states as follows:

## AS TO "NATURE OF THE COMPLAINT"

1. In response to the allegations contained in Paragraph 1 of the Complaint, it is admitted that Plaintiffs purport to state a claim for declaratory relief and damages for discrimination on the basis of disability under the federal Fair Housing Act, as amended (the "Fair Housing Act"), Section 504 of the Rehabilitation Act of 1973 ("Rehab Act"), and the Americans with Disabilities Act of 1990 (the "ADA"). Shepherd Response denies any unlawful activity or

1

wrongdoing and denies that Plaintiffs are entitled to any relief for any of the claims alleged. Except as expressly admitted, the allegations contained in Paragraph 1 of the Complaint are denied.

2. The allegations contained in Paragraph 2 of the Complaint are denied.

3. The allegations contained in Paragraph 3 of the Complaint are denied.

### AS TO "PARTIES"

4. In response to the allegations contained in Paragraph 4 of the Complaint, it is admitted upon information and belief that Plaintiffs are married and have lived at 225 Hillmont Road in New Bern, North Carolina for more than 12 years.

5. The allegations contained in Paragraph 5 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, it is admitted upon information and belief that Plaintiff Shasmekia Davis has a disability. In further response, the statutes cited in Paragraph 5 of the Complaint are in writing and are the best evidence of their contents. Except as expressly admitted, the allegations contained in Paragraph 5 of the Complaint are denied.

6. The allegations contained in Paragraph 6 of the Complaint constitute a legal conclusion to which no response is required. To the extent any response is required, the allegations contained in Paragraph 6 of the Complaint are denied.

7. The allegations contained in Paragraph 7 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the allegations contained in Paragraph 7 of the Complaint are denied.

8. In response to the allegations contained in Paragraph 8 of the Complaint, it is admitted upon information and belief that Defendant North Carolina Office of Recovery and Resiliency ("NCORR") is an agency of Defendant State of North Carolina ("Defendant State").

2

9. In response to the allegations contained in Paragraph 9 of the Complaint, Shepherd Response is without sufficient information to form a belief as to the truth or falsity of the allegations about NCORR's authority, funding, or its contracts with entities other than Shepherd Response, including but not limited to Defendant State or the United States Department of Housing and Urban Development ("HUD"). To the extent any response is required, the allegations contained in Paragraph 9 of the Complaint are denied.

10. In response to the allegations contained in Paragraph 10 of the Complaint, it is admitted that Shepherd Response is a limited liability company registered with the North Carolina Secretary of State to conduct business in North Carolina. It is further admitted that Shepherd Response possesses an unrestricted general contractor's license through the North Carolina Licensing Board for General Contractors. Except as expressly admitted, the allegations contained in Paragraph 10 of the Complaint are denied.

11. The allegations contained in Paragraph 11 of the Complaint are denied.

### AS TO "JURISDICTION AND VENUE"

12. The allegations contained in Paragraph 12 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, it is admitted that this Court has subject matter jurisdiction over Plaintiffs' Fair Housing Act, Rehab Act, and ADA claims. Shepherd Response denies any unlawful activity or wrongdoing and denies that Plaintiffs are entitled to any relief for any of the claims alleged. Except as expressly admitted, the allegations contained in Paragraph 12 of the Complaint are denied.

13. The allegations contained in Paragraph 13 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, 28 U.S.C. § 1367 and Article III of the Constitution are in writing and are the best evidence of their contents.

Answering further, Shepherd Response denies any unlawful activity or wrongdoing and denies that Plaintiffs are entitled to any relief for any of the claims alleged.  Except as expressly admitted, the allegations contained in Paragraph 13 of the Complaint are denied.

14.     The allegations contained in Paragraph 14 of the Complaint constitute legal conclusions to which no response is required.  To the extent any response is required, it is admitted that 225 Hillmont Road, New Bern, North Carolina 28562 is located in Craven County, North Carolina.  Answering further, Shepherd Response denies any unlawful activity or wrongdoing and denies that Plaintiffs are entitled to any relief for any of the claims alleged.  Except as expressly admitted, the allegations contained in Paragraph 14 of the Complaint are denied.

### AS TO "STATUTORY AND REGULATORY BACKGROUND"

15.     The allegations contained in Paragraph 15 of the Complaint constitute legal conclusions to which no response is required.  To the extent any response is required, the allegations contained in Paragraph 15 of the Complaint are denied as to this answering Defendant. Shepherd Response is without sufficient information to form a belief as to the truth or falsity of the remaining allegations not directed at this answering Defendant.

16.     The allegations contained in Paragraph 16 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, it is admitted the Fair Housing Act is in writing and is the best evidence of its contents. Except as expressly admitted, the allegations contained in Paragraph 16 of the Complaint are denied.

17.     The allegations contained in Paragraph 17 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, it is admitted Section 42 U.S.C. §3604(f)(1) is in writing and is the best evidence of its contents. Except as expressly admitted, the allegations contained in Paragraph 17 of the Complaint are denied.

18.     The allegations contained in Paragraph 18 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, it is admitted Section 42 U.S.C. §3604(f)(1) is in writing and is the best evidence of its contents. Responding further, it is admitted 42 U.S.C. §3604(f)(3)(B) is in writing and is the best evidence of its contents. Except as expressly admitted, the allegations contained in Paragraph 18 of the Complaint are denied.

19.     The allegations contained in Paragraph 19 of the Complaint are denied as stated as to this answering Defendant.  Shepherd Response is without sufficient information to form a belief as to the truth or falsity of the remaining allegations not directed at this answering Defendant.

20.     In response to the allegations contained in Paragraph 20 of the Complaint, Shepherd Response is without sufficient information to form a belief as to the truth or falsity of those allegations.  To the extent any response is required, the allegations contained in Paragraph 20 of the Complaint are denied.

21.     The allegations contained in Paragraph 21 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, it is admitted that the Rehab Act is in writing and is the best evidence of its contents. Except as expressly admitted, the allegations in Paragraph 21 of the Complaint are denied.

22.     In response to the allegations contained in Paragraph 22 of the Complaint, it is admitted that HUD Notice CPD-05-09, September 2025 is in writing and is the best evidence of its contents.  Except as expressly admitted, the allegations contained in Paragraph 22 of the Complaint are denied.

23. In response to the allegations contained in Paragraph 23 of the Complaint, it is admitted that the Rehab Act is in writing and is the best evidence of its contents. Except as expressly admitted, the allegations contained in Paragraph 23 of the Complaint are denied.

24. The allegations contained in Paragraph 24 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the allegations contained in Paragraph 24 of the Complaint are denied.

25. The allegations contained in Paragraph 25 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, it is admitted Section 42 U.S.C. §12202 is in writing and is the best evidence of its contents. Except as expressly admitted, the allegations contained in Paragraph 25 of the Complaint are denied.

26. The allegations contained in Paragraph 26 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, it is admitted Section 42 U.S.C. §2000d-7(a)(1) is in writing and is the best evidence of its contents. Except as expressly admitted, the allegations contained in Paragraph 26 of the Complaint are denied.

27. The allegations contained in Paragraph 27 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the allegations contained in Paragraph 27 of the Complaint are denied.

**AS TO "FACTUAL ALLEGATIONS"**

28. In response to the allegations contained in Paragraph 28 of the Complaint, Shepherd Response is without sufficient information to form a belief as to the truth or falsity of the allegations about Plaintiff Shasmekia Davis's medical condition. To the extent any response is required, it is admitted upon information and belief that Plaintiff Shasmekia Davis has a disability.

6

Except as expressly admitted, the allegations contained in Paragraph 28 of the Complaint are denied.

29. In response to the allegations contained in Paragraph 29 of the Complaint, Shepherd Response is without sufficient information to form a belief as to the truth or falsity of the allegations about Plaintiff Shasmekia Davis's medical condition. To the extent any response is required, it is admitted upon information and belief that Plaintiff Shasmekia Davis has a disability. Except as expressly admitted, the allegations contained in Paragraph 29 of the Complaint are denied.

30. In response to the allegations contained in Paragraph 30 of the Complaint, Shepherd Response is without sufficient information to form a belief as to the truth or falsity of the allegations about Plaintiff Shasmekia Davis's ability to independently walk, move, or transfer from her wheelchair to her bed, toilet or sofa without assistance or assistive devices. To the extent any response is required, it is admitted upon information and belief that Plaintiff Shasmekia Davis has a disability and uses a wheelchair. Except as expressly admitted, the allegations contained in Paragraph 30 of the Complaint are denied.

31. The allegations contained in Paragraph 31 of the Complaint are denied.

32. In response to the allegations contained in Paragraph 32 of the Complaint, Shepherd Response is without sufficient information to form a belief as to the truth or falsity of the allegations regarding Plaintiff Shasmekia Davis's use of Plaintiffs' previous home. To the extent any response is required, the allegations contained in Paragraph 32 of the Complaint are denied.

33. In response to the allegations contained in Paragraph 33 of the Complaint, Shepherd Response is without sufficient information to form a belief as to the truth or falsity of the allegations that Plaintiff Shasmekia Davis has a home healthcare aide who provides 28 hours of

assistance per week. To the extent any response is required, the allegations contained in Paragraph 33 of the Complaint are denied.

34. In response to the allegations contained in Paragraph 34 of the Complaint, Shepherd Response is without sufficient information to form a belief as to the truth or falsity of the allegations that Hurricanes Matthew and Florence damaged Plaintiffs' home. To the extent any response is required, it is admitted upon information and belief that Plaintiffs' home was damaged by a hurricane. Except as expressly admitted, the allegations contained in Paragraph 34 of the Complaint are denied.

35. In response to the allegations contained in Paragraph 35 of the Complaint, Shepherd Response is without sufficient information to form a belief as to the truth or falsity of the allegations regarding Plaintiff Carl Davis applying to NCORR for relief in May 2022. To the extent any response is required, the allegations contained in Paragraph 35 of the Complaint are denied.

36. In response to the allegations contained in Paragraph 36 of the Complaint, Shepherd Response is without sufficient information to form a belief as to the truth or falsity of the allegations regarding Plaintiff Carl Davis's completion of a Household Composition Recertification Form on August 24, 2022. To the extent any response is required, the allegations contained in Paragraph 36 of the Complaint are denied.

37. In response to the allegations contained in Paragraph 37 of the Complaint, it is admitted that on or around April 10, 2023, Plaintiff Carl Davis signed a ReBUILD NC Manufactured Home Unit Replacement Form, and that document is in writing and is the best evidence of its contents. Except as expressly admitted, the allegations contained in Paragraph 37 of the Complaint are denied.

8

38. In response to the allegations contained in Paragraph 38 of the Complaint, it is admitted that this answering Defendant never questioned or denied Plaintiff Shasmekia Davis's disability. Shepherd Response is without sufficient information to form a belief as to the truth or falsity of the remaining allegations not directed at this answering Defendant.

39. The allegations contained in Paragraph 39 of the Complaint are not directed at this answering Defendant and as such, no response is required. To the extent any response is required, it is admitted that NCORR awarded Plaintiffs a home through the Program. Except as expressly admitted, the allegations contained in Paragraph 39 of the Complaint are denied.

40. In response to the allegations contained in Paragraph 40 of the Complaint, it is admitted that Shepherd Response's June 13, 2023, bid is in writing and is the best evidence of its contents. Except as expressly admitted, the allegations contained in Paragraph 40 of the Complaint are denied.

41. In response to the allegations contained in Paragraph 41 of the Complaint, it is admitted that Defendants State and NCORR accepted Shepherd Response's bid and awarded Shepherd Response a contract for the work described. Except as expressly admitted, the allegations contained in Paragraph 41 of the Complaint are denied.

42. In response to the allegations contained in Paragraph 42 of the Complaint, Shepherd Response is without sufficient information to form a belief as to the truth or falsity of the allegations regarding Plaintiff Carl Davis's August 2, 2023, communications with NCORR. To the extent any response is required, the allegations contained in Paragraph 42 of the Complaint are denied.

43. In response to the allegations contained in Paragraph 43 of the Complaint, Shepherd Response is without sufficient information to form a belief as to the truth or falsity of the

9

allegations regarding Plaintiff Carl Davis's August 2, 2023, communications with NCORR. To the extent any response is required, the allegations contained in Paragraph 43 of the Complaint are denied.

44. In response to the allegations contained in Paragraph 44 of the Complaint, Shepherd Response is without sufficient information to form a belief as to the truth or falsity of the allegations regarding Plaintiff Carl Davis's communications with NCORR. To the extent any response is required, the allegations contained in Paragraph 44 of the Complaint are denied.

45. In response to the allegations contained in Paragraph 45 of the Complaint, it is admitted that in an August 14, 2023, email from Shepherd Response to Plaintiff Carl Davis, attached hereto as **Exhibit A**, Shepherd Response informed Plaintiff Carl Davis that he would have to request modifications to his home "from the state." Answering further, it is admitted the August 14-15, 2023, emails between Plaintiff Carl Davis and Shepherd Response referenced in Paragraph 45 of the Complaint are in writing and are the best evidence of their contents. Except as expressly admitted, the allegations contained in Paragraph 45 of the Complaint are denied.

46. The allegations contained in Paragraph 46 of the Complaint are denied.

47. In response to the allegations contained in Paragraph 47 of the Complaint, Shepherd Response is without sufficient information to form a belief as to the truth or falsity of the allegations regarding Plaintiff Carl Davis's January 31, 2024, communications with the Program. To the extent any response is required, the allegations contained in Paragraph 47 of the Complaint are denied.

48. In response to the allegations contained in Paragraph 48 of the Complaint, Shepherd Response is without sufficient information to form a belief as to the truth or falsity of the allegations regarding Plaintiff Carl Davis's February to April 2024 communications with NCORR.

To the extent any response is required, the allegations contained in Paragraph 48 of the Complaint are denied.

49. In response to the allegations contained in Paragraph 49 of the Complaint, Shepherd Response is without sufficient information to form a belief as to the truth or falsity of the allegations regarding Plaintiff Carl Davis's April 22, 2024, communications with NCORR. To the extent any response is required, the allegations contained in Paragraph 49 of the Complaint are denied.

50. In response to the allegations contained in Paragraph 50 of the Complaint, Shepherd Response is without sufficient information to form a belief as to the truth or falsity of the allegations regarding Plaintiff Carl Davis's April 28, 2024, communications with NCORR. To the extent any response is required, the allegations contained in Paragraph 50 of the Complaint are denied.

51. In response to the allegations contained in Paragraph 51 of the Complaint, Shepherd Response is without sufficient information to form a belief as to the truth or falsity of the allegations regarding Plaintiff Carl Davis's May 1, 2024, communications with NCORR. To the extent any response is required, the allegations contained in Paragraph 51 of the Complaint are denied.

52. In response to the allegations contained in Paragraph 52 of the Complaint, Shepherd Response is without sufficient information to form a belief as to the truth or falsity of the allegations regarding Plaintiff Carl Davis's May 10, 2024, communications with NCORR. To the extent any response is required, the allegations contained in Paragraph 52 of the Complaint are denied.

53. The allegations contained in Paragraph 53 of the Complaint are denied.

54. The allegations contained in Paragraph 54 of the Complaint are not directed at this answering Defendant and as such, no response is required. To the extent any response is required, Shepherd Response is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 54 of the Complaint and those allegations are denied.

55. The allegations contained in Paragraph 55 of the Complaint are denied.

56. In response to the allegations contained in Paragraph 56 of the Complaint, it is admitted that manufacturers of mobile home units ("MHUs") produce MHUs that are accessible. Except as expressly admitted, the allegations contained in Paragraph 56 of the Complaint are denied.

57. The allegations contained in Paragraph 57 of the Complaint are denied.

58. The allegations contained in Paragraph 58 of the Complaint are denied.

59. The allegations contained in Paragraph 59 of the Complaint are denied.

60. The allegations contained in Paragraph 60 of the Complaint are denied.

61. The allegations contained in Paragraph 61 of the Complaint are denied.

62. The allegations contained in Paragraph 62 of the Compliant are denied.

63. The allegations contained in Paragraph 63 of the Complaint are denied.

64. The allegations contained in Paragraph 64 of the Complaint are denied.

65. In response to the allegations contained in Paragraph 65 of the Complaint, it is admitted that Plaintiff's submitted a Housing Discrimination Complaint to HUD on or about August 26, 2024, and that Complaint is in writing and is the best evidence of its contents. Except as expressly admitted, the allegations contained in Paragraph 65 of the Complaint are denied.

66. The allegations contained in Paragraph 66 of the Complaint contain legal conclusions to which no response is required. To the extent any response is required, it is admitted

that 42 U.S.C. §3613(a)(1) is in writing and is the best evidence of its contents. Except as expressly admitted, the allegations contained in Paragraph 66 of the Complaint are denied.

67. The allegations contained in Paragraph 67 of the Complaint are admitted upon information and belief.

68. In response to the allegations contained in Paragraph 68 of the Complaint, it is admitted upon information and belief that Plaintiff Carl Davis made a complaint to the State Fire Marshall's Office Manufactured Building Division ("State Fire Marshall") on or about February 5, 2025, relating to Plaintiffs' home. Except as expressly admitted, the allegations contained in Paragraph 68 of the Complaint are denied.

69. In response to the allegations contained in Paragraph 69 of the Complaint, it is admitted that the State Fire Marshall's inspection of Plaintiffs' new home identified 20 items for further investigation and repair, which Shepherd Response has successfully completed. It is further admitted that none of the 20 items identified during the State Fire Marshall's inspection related to accessibility. Except as expressly admitted, the allegations contained in Paragraph 69 of the Complaint are denied.

70. In response to the allegations contained in Paragraph 70 of the Complaint, it is admitted that Shepherd Response has successfully completed the investigation and repair of items identified during the State Fire Marshall's inspection. It is further admitted that none of the items identified for investigation and repair by the State Fire Marshall related to accessibility. Except as expressly admitted, the allegations contained in Paragraph 70 of the Complaint are denied.

71. The allegations contained in Paragraph 71 of the Complaint are denied.

72. In response to the allegations contained in paragraph 72 of the Complaint, it is admitted that Shepherd Response has made multiple inspections of Plaintiffs' property. The

13

remaining allegations contained in Paragraph 72 of the Complaint are not directed at this answering Defendant and as such, no response is required. To the extent any response is required, Shepherd Response is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 72 of the Complaint not directed at this answering Defendant. Except as expressly admitted, the allegations contained in Paragraph 72 of the Complaint are denied.

73. The allegations contained in Paragraph 73 of the Complaint are denied.

74. The allegations contained in Paragraph 74 of the Complaint are denied.

75. The allegations contained in Paragraph 75 of the Complaint are denied.

76. The allegations contained in Paragraph 76 of the Complaint are denied.

77. The allegations contained in Paragraph 77 of the Complaint are denied.

78. The allegations contained in Paragraph 78 of the Complaint are denied.

79. The allegations contained in Paragraph 79 of the Complaint are denied.

80. The allegations contained in Paragraph 80 of the Complaint are denied.

81. The allegations contained in Paragraph 81 of the Complaint are denied.

82. The allegations contained in Paragraph 82 of the Complaint are denied.

### AS TO PLAINTIFFS' "CLAIMS"

### AS TO PLAINTIFFS' "FIRST CLAIM: Federal Fair Housing Act"

83. Shepherd Response realleges and incorporates herein by reference its answers to Paragraphs 1 through 82 of Plaintiffs' Complaint as though more fully set forth herein.

84. The allegations contained in Paragraph 84 of the Complaint are denied.

85. The allegations contained in Paragraph 85 of the Complaint are denied.

86. The allegations contained in Paragraph 86 of the Complaint are denied.

14

87.     The allegations contained in Paragraph 87 of the Complaint are denied.

**AS TO "SECOND CLAIM: Section 504 of the Rehabilitation Act of 1973"**

88.     Shepherd Response realleges and incorporates herein by reference its answers to Paragraphs 1 through 87 of Plaintiffs' Complaint as though more fully set forth herein.

89.     The allegations contained in Paragraph 89 of the Complaint are denied.

90.     The allegations contained in Paragraph 90 of the Complaint are denied.

91.     The allegations contained in Paragraph 91 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the allegations contained in Paragraph 91 of the Complaint are denied.

**AS TO "THIRD CLAIM: Americans with Disabilities Act of 1990"**

92.     Shepherd Response realleges and incorporates herein by reference its answers to Paragraphs 1 through 91 of Plaintiffs' Complaint as though more fully set forth herein.

93.     The allegations contained in Paragraph 93 of the Complaint are denied.

94.     The allegations contained in Paragraph 94 of the Complaint are denied.

95.     The allegations contained in Paragraph 95 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, the allegations contained in Paragraph 95 of the Complaint are denied.

**AS TO "FOURTH CLAIM: Breach of Contract"**

96.     Shepherd Response realleges and incorporates herein by reference its answers to Paragraphs 1 through 95 of Plaintiffs' Complaint as though more fully set forth herein.

97.     The allegations contained in Paragraph 97 of the Complaint are denied as stated.

98.     The allegations contained in Paragraph 98 of the Complaint are denied.

99.     The allegations contained in Paragraph 95 of the Complaint constitute legal conclusions to which no response is required. To the extent any response is required, it is admitted N.C.G.S. §1-50(a)(5)(b) is in writing and are the best evidence of their contents.  Except as expressly admitted, the allegations contained in Paragraph 99 of the Complaint are denied.

### AS TO "FIFTH CLAIM: Unfair and Deceptive Trade Practices"

100.     Shepherd Response realleges and incorporates herein by reference its answers to Paragraphs 1 through 99 of Plaintiffs' Complaint as though more fully set forth herein.

101.     The allegations contained in Paragraph 101 of the Complaint constitute legal conclusions to which no response is required.  To the extent any response is required, it is admitted that Shepherd Response is a limited liability company registered with the North Carolina Secretary of State to conduct business in North Carolina and possesses an unrestricted general contractor's license through the North Carolina Licensing Board for General Contractors.  Except as expressly admitted, the allegations contained in Paragraph 101 of the Complaint are denied.

102.     The allegations contained in Paragraph 102 of the Complaint are denied.

103.     The allegations contained in Paragraph 103 of the Complaint are denied.

104.     The allegations contained in Paragraph 104 of the Complaint are denied.

105.     The allegations contained in Paragraph 105 of the Complaint are denied.

### AS TO "JURY TRIAL REQUESTED"

106.     No response is required to Paragraph 106 of the Complaint.

### PRAYER FOR RELIEF

Shepherd Response denies that Plaintiffs are entitled to any relief and specifically denies that Plaintiffs are entitled to any of the relief requested in their Prayer for Relief.

**EACH AND EVERY ALLEGATION CONTAINED IN PLAINTIFF'S COMPLAINT, INCLUDING ALL CLAIMS FOR RELIEF CONTAINED IN THE PRAYER FOR RELIEF, NOT SPECIFICALLY ADMITTED HEREIN, IS DENIED.**

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

### THIRD DEFENSE

Defendant Shepherd Response has made good faith efforts to comply with the Fair Housing Act and any other applicable state or federal laws.

### FOURTH DEFENSE

At all times relevant to this action, Defendant Shepherd Response has acted honestly and in good faith to ensure full compliance with the Fair Housing Act and all other applicable federal, state and local public housing and/or accommodation laws, to the extent readily achievable and/or required by law.

### FIFTH DEFENSE

Any act or omission which may be attributed to Defendant Shepherd Response was based on legitimate reasons, business judgment, and no discriminatory animus was present.

### SIXTH DEFENSE

Defendant Shepherd Response's conduct in relation to Plaintiffs was reasonable, undertaken in good faith, and based on legitimate non-discriminatory reasons, not any alleged protected status.

### SEVENTH DEFENSE

Defendant Shepherd Response had reasonable grounds for believing any alleged acts or omissions were not a violation of the law.

17

**EIGHTH DEFENSE**

Plaintiff's claims for breach of contract are barred, in whole or in part, for want of consideration.

**NINTH DEFENSE**

As to any contract which may have existed between Shepherd Response and Defendant NCORR and/or Defendant State, Defendant Shepherd Response fully performed any and all obligations which may have arisen from such contract or agreement.

**TENTH DEFENSE**

Plaintiffs' complaint should be dismissed because Plaintiffs were not a party to any contract with Shepherd Response, and as such, Shepherd Response lacked contractual responsibilities to Plaintiff.

**ELEVENTH DEFENSE**

Plaintiffs' breach of contract and unfair and deceptive trade practices claims should be dismissed because Defendant Shepherd Response asserts that it communicated in good faith with Plaintiffs and at no time made any statements to the Plaintiffs which Shepherd Response knew were false. Further, Defendant Shepherd Response asserts that, at no time, were any statements made to the Plaintiffs with the intent to deceive Plaintiffs.

**TWELFTH DEFENSE**

Some of or all of Plaintiffs' allegations as to the time and place of the alleged discriminatory actions and/or statements are vague and ambiguous and thus do not meet the requirements of Fed. R. Civ. P. 9(f).

**THIRTEENTH DEFENSE**

Some or all of the claims alleged in the Complaint are in whole or in part time-barred by the applicable statute of limitations.

**FOURTEENTH DEFENSE**

Defendant Shepherd Response did not discriminate against Plaintiffs in any way by reason of an alleged or actual disability, or on any other basis prohibited by law, be it state, local or federal.

**FIFTEENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part, because Shepherd Response breached no duty owed to Plaintiffs under federal, state, or local law.

**SIXTEENTH DEFENSE**

All reasonable accommodations requested by Plaintiffs have been granted.

**SEVENTEENTH DEFENSE**

Defendant Shepherd Response is not obligated to make any alterations sought by Plaintiffs that would result in a fundamental alteration in the nature of Defendant Shepherd Response's services, programs, or activities or in undue financial and administrative burdens, or would require structural changes in existing facilities where other methods are effective to achieve compliance under the Fair Housing Act and/or applicable state and local housing and/or accommodation laws.

**EIGHTEENTH DEFENSE**

Any work required for accessibility is excused to the extent such work would be disproportionate in cost and scope to any alterations Defendant Shepherd Response has undertaken.

19

<strong><u>NINETEENTH DEFENSE</u></strong>

Plaintiffs' claims are barred, in whole or in part, by equitable principles, including but not limited to, waiver, estoppel, laches, consent, duress, release, the after-acquired evidence doctrine, and/or the unclean hands doctrine.

<strong><u>TWENTIETH DEFENSE</u></strong>

Plaintiffs are not entitled to any remedy under the Fair Housing Act, Section 504 of the Rehabilitation Act, American with Disabilities Act, North Carolina Unfair and Deceptive Trade Practices Act or any other statutes regarding the allegations in the Complaint.

<strong><u>TWENTY- FIRST DEFENSE</u></strong>

Plaintiffs cannot show they (or anyone else) suffered any actual harm as a result of the alleged wrongdoing by Defendant Shepherd Response.

<strong><u>TWENTY- SECOND DEFENSE</u></strong>

In the alternative, Plaintiffs are solely responsible for the alleged damages.

<strong><u>TWENTY- THIRD DEFENSE</u></strong>

In the alternative, if Plaintiffs suffered any damages, they were caused by Plaintiffs, or third parties not related to Defendant Shepherd Response and/or out of the control of Defendant Shepherd Response.

<strong><u>TWENTY- FOURTH DEFENSE</u></strong>

Plaintiffs are not entitled to attorney's fees, whether under federal law or otherwise.

<strong><u>TWENTY- FIFTH DEFENSE</u></strong>

Plaintiffs lack standing to bring this action.

20

<h3 align="center">TWENTY- SIXTH DEFENSE</h3>

Shepherd Response is not liable for Plaintiffs' claim for damages set forth in the Complaint to the extent Plaintiffs seek redress for physical or emotional injuries arising from preexisting physical or mental conditions.

<h3 align="center">TWENTY- SEVENTH DEFENSE</h3>

Plaintiffs have failed to state a claim for the recovery of punitive damages upon which relief may be granted.

<h3 align="center">TWENTY- EIGHTH DEFENSE</h3>

Plaintiffs' claim for punitive damages violates the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and such damages are, therefore, not recoverable in this action. Further, the claim for punitive damages violates the federal doctrine of Separation of Powers because punitive damages are a creation of the judicial branch of government and invade the province of the legislative branch; therefore, the claim for punitive damages must be dismissed.

<h3 align="center">TWENTY- NINTH DEFENSE</h3>

Plaintiffs' punitive damages claim is barred because Shepherd Response at no time engaged in discriminatory practices or actions intentionally, with malice, and/or with reckless disregard of Plaintiffs' statutory rights.

<h3 align="center">THIRTIETH DEFENSE</h3>

Defendant Shepherd Response acted in good faith efforts to comply with the law and therefore cannot be held liable for punitive damages.

<h3 align="center">THIRTY- SEVENTH DEFENSE</h3>

Defendant Shepherd Response reserves the right to designate additional defenses as they become apparent through the course of discovery, investigation, or otherwise.

21

## PRAYER FOR RELIEF

WHEREFORE, Shepherd Response prays as follows:

1. That the Complaint be dismissed with prejudice;

2. That Plaintiffs have and recover nothing from Defendant Shepherd Response;

3. That the costs of this action, including reasonable attorney's fees, be taxed to the Plaintiffs; and

4. For such other relief as may be deemed just and proper.

Respectfully submitted, this the 3rd day of December, 2025.

**JACKSON LEWIS P.C.**

BY:  */s/ Jason V. Federmack*
JASON V. FEDERMACK
N.C. State Bar No. 46014
DANIELLE BLAND
N.C. State Bar No. 60022
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6460
Facsimile: (919) 760-6461
Email: Jason.federmack@jacksonlewis.com
Email: Danielle.bland@jacksonlewis.com
*Attorneys for Defendant Shepherd Response, L.L.C.*

22

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

CIVIL ACTION NO.: 4:25-cv-178-BO-RN

CARL DAVIS and SHASMEKIA DAVIS,   )
   )
       Plaintiffs,   )
   )
vs.   )
   )     **CERTIFICATE OF SERVICE**
STATE OF NORTH CAROLINA; NORTH   )
CAROLINA OFFICE OF RECOVER AND   )
RESILIENCY; SHEPHERD RESPONSE,   )
L.L.C.,   )
   )
       Defendant.   )

The undersigned certifies that on December 3, 2025, the foregoing *Defendant Shepherd Response, L.L.C.'s Answer and Affirmative Defenses* was filed electronically with the Clerk of Court using the Court's CM/ECF electronic service system, which will send notification of such filing as follows:

Ashley Denise Skaff
Legal Aid of North Carolina, Inc.
Fair Housing
2101 Angier Avenue, Ste. 300
Durham, NC 27703
AshleyS@legalaidnc.org
*Attorney for Plaintiffs*

Emily Maloney
Special Deputy Attorney General
N.C. Department of Justice
Public Safety Section
P.O. Box 629
Raleigh, NC 27602-0629
emaloney@ncdoj.gov
*Attorney for Defendants State of North Carolina and
North Carolina Office of Recovery and Resiliency*

23

**JACKSON LEWIS P.C.**

BY:   */s/ Jason V. Federmack*
JASON V. FEDERMACK
N.C. State Bar No. 46014
DANIELLE BLAND
N.C. State Bar No. 60022
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
Telephone: (919) 760-6460
Facsimile: (919) 760-6461
Email: Jason.federmack@jacksonlewis.com
Email: Danielle.bland@jacksonlewis.com
*Attorneys for Defendant Shepherd Response, L.L.C.*

4930-0881-4974, v. 1

24