| | |
|---|---|
| CARL DAVIS AND SHASMEKIA DAVIS,<br><br>          Plaintiff,<br><br>   v.<br><br>STATE OF NORTH CAROLINA;<br>NORTH CAROLINA OFFICE OF<br>RECOVERY AND RESILIENCY;<br>SHEPHERD RESPONSE, L.L.C.,<br>          Defendants. | **ANSWER TO THE COMPLAINT** |

NOW COME Defendants, State of North Carolina and North Carolina Office of Recovery and Resiliency ("NCORR" and jointly "State Defendants" or "Defendants"), by and through Undersigned Counsel, and respond to Plaintiffs' Complaint as follows:

## ANSWER

Except as specifically admitted herein, Defendants deny all allegations and requests for relief in Plaintiffs' Complaint. Otherwise, Defendants respond as follows to paragraphs of the Complaint:

## NATURE OF THE COMPLAINT

1.      This allegation is a legal conclusion, and thus no answer is required. To the extent that an answer is required, denied.

2.      Denied.

3. Denied.

## PARTIES

4. Upon information and belief, Defendant NCORR received an application for assistance from Plaintiff Carl Davis who represented that he and Shasmekia Davis lived at the alleged address. Defendants are currently without sufficient information to admit or deny the remaining allegations in this paragraph, and therefore, they are denied.

5. Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

6. This allegation is a legal conclusion, and thus no answer is required. To the extent that an answer is required, denied.

7. This allegation is a legal conclusion, and thus no answer is required. To the extent that an answer is required, denied.

8. Admit.

9. Admitted to the extent that NCORR administers grants from the Federal Department of Housing and Urban Development. To the extent not specifically admitted, denied.

10. Upon information and belief, admitted to the extent Shepherd Response is a limited liability company registered with the N.C. Secretary of State to conduct business in North Carolina, and is in possession of an unrestricted general contractor's license through the N.C. Licensing Board for General Contractors. To the extent not specifically

2

admitted, denied.

11.     Denied.

## JURISDICTION AND VENUE

12.     It is admitted that the Court has subject matter jurisdiction over some of the claims in the Complaint but denied for others.

13.     Admitted to the extent Plaintiffs can establish the subject matter jurisdiction of the Court over their claims arising from the federal acts alleged in Paragraph 12, but denied for all others.

14.     Admit.

## STATUTORY AND REGULATORY BACKGROUND

15.     This allegation contains a legal conclusion; therefore, no response is required. To the extent a response is required, denied.

16.     This allegation contains a legal conclusion; therefore, no response is required. To the extent a response is required, denied.

17.     This allegation contains a legal conclusion; therefore, no response is required. To the extent a response is required, denied.

18.     This allegation contains a legal conclusion; therefore, no response is required. To the extent a response is required, denied.

19.     Denied.

20.     This allegation contains a legal conclusion; therefore, no response is

required.  To the extent a response is required, denied.

21.     This allegation contains a legal conclusion; therefore, no response is required. To the extent a response is required, denied.

22.     This allegation contains a legal conclusion; therefore, no response is required. To the extent a response is required, denied.

23.     This allegation contains a legal conclusion; therefore, no response is required. To the extent a response is required, denied.

24.     This allegation contains a legal conclusion; therefore, no response is required. To the extent a response is required, denied.

25.     This allegation contains a legal conclusion; therefore, no response is required. To the extent a response is required, denied.

26.     This allegation contains a legal conclusion; therefore, no response is required. To the extent a response is required, denied.

27.     This allegation contains a legal conclusion; therefore, no response is required.  To the extent a response is required, denied.

## **FACTUAL ALLEGATIONS**

28.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

29.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

4

30. Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

31. Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

32. Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

33. Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

34. Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

35. Admit.

36. Admit.

37. Admit that Mr. Davis identified a household member requiring accessibility, and to the extent that the only modification selected on the form was full bathroom accessibility. Except as admitted herein, denied.

38. Denied.

39. Admit that Mr. Davis, the sole owner of the property and sole applicant for the Program, was awarded a replacement mobile home unit through the Program. Denied as to all other allegations.

40. Admit to the extent that Shepherd Response bid on the project and that

5

Shepherd Response's bid indicated that Mr. Davis' home had an accessibility need, denied as to all other allegations.

41. Admit.

42. The allegations herein quote correspondence, which documents will speak for themselves and require no further response.

43. The allegations herein quote correspondence, which documents will speak for themselves and require no further response.

44. Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

45. The allegations herein quote correspondence, which documents will speak for themselves and require no further response.

46. Denied.

47. Admit to the extent that Mr. Davis submitted a Reasonable Accommodation Modification Request to NCORR on or around January 31, 2024; Defendants are currently without sufficient information to admit or deny the other allegations in this paragraph, and therefore, they are denied.

48. Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

49. Admit in part that Mr. Davis' reasonable accommodation/modification was denied due to administrative burden and financial burden and indicated that the shower

could not be altered; all other allegations are denied.

50.     The allegations herein quote correspondence, which documents will speak for themselves and require no further response.

51.     Admit to the extent that on May 1, 2024, a letter was sent to Mr. Davis in response to his Request for Appeal dated April 28, 2024, indicating that there was no satisfactory basis for an appeal and explained, in part, that "the issues you raised will be addressed by Program with the General Contractor during the final inspections, no appeal is needed.

52.     Admit to the extent that on May 10, 2024 Mr. Davis was sent a letter acknowledging receipt of Mr. Davis' request to appeal the Reasonable Modifications Determinations made by the program and indicated that the appeal would be reviewed.

53.     Admit that a letter was sent by Plaintiff's counsel on this date with a subject line of: "Supplementation of Carl Davis's Appeal of the Denial of Reasonable Accommodation concerning the Mobile Home Unit at 225 Hillmond Rd., New Bern, NC, 2562. APP-1109."

54.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

55.     Upon information and belief, denied.

56.     Upon information and belief, admitted.

57.     This allegation contains a legal conclusion; therefore, no response is

required.  To the extent a response is required, denied.

58.     Upon information and belief, denied.

59.     Denied.

60.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

61.     Denied.

62.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

63.     Denied.

64.     Denied.

65.     Admit.

66.     This allegation contains a legal conclusion; therefore, no response is required. To the extent a response is required, denied.

67.     Admit.

68.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

69.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

70.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

71. Denied.

72. Denied.

73. Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

## CLAIMS

### FIRST CLAIM: Federal Fair Housing Act

83. Defendants' responses to prior paragraphs are realleged and incorporated herein by reference.

84. Denied.

85. Denied.

86. Denied.

9

87. Denied.

**SECOND CLAIM: Section 504 of the Rehabilitation Act of 1973**

88. Defendants' responses to prior paragraphs are realleged and incorporated by reference.

89. Denied.

90. Denied.

91. Denied.

**THIRD CLAIM: Americans with Disabilities Act of 1990**

92. Defendants' responses to prior paragraphs are realleged and incorporated by reference.

93. Denied.

94. Denied.

95. Denied.

**FOURTH CLAIM: Breach of Contract**

96. Defendants' responses to prior paragraphs are realleged and incorporated by reference.

97. Denied.

98. Denied.

99. Denied.

**FIFTH CLAIM: Unfair and Deceptive Trade Practices**

100. Defendants' responses to prior paragraphs are realleged and incorporated by reference.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

## JURY TRIAL REQUESTED

106. Defendants request a jury trial in this matter.

## AFFIRMATIVE DEFENSES

ANY AND ALL ALLEGATIONS MADE IN PLAINTIFFS' COMPLAINT, EXCEPT AS SPECIFICALLY ADMITTED ABOVE, ARE HEREBY DENIED. ANY RELIEF REQUESTED IS DENIED. DEFENDANTS FURTHER DENY ANY HEADINGS TO THE EXTENT THEY ARE CONSTRUED AS FACTUAL ALLEGATIONS. FURTHER, ANSWERING THE COMPLAINT OF PLAINTFFS AND AS FURTHER DEFENSES THERETO, DEFENDANTS AVER:

## FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted against Defendants, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants plead this failure in bar of Plaintiffs' claims against them.

11

## SECOND DEFENSE

The Eleventh Amendment to the United States Constitution generally bars lawsuits against nonconsenting states. The State of North Carolina has not consented to this suit or otherwise waived such immunity. Therefore, this action is barred by sovereign immunity.

## THIRD DEFENSE

To the extent the Plaintiffs' claims are based on any acts that occurred prior to any applicably statute of limitations, Plaintiffs' claims are time-barred.

## FOURTH DEFENSE

At all times relevant to the matters set forth in the Complaint, Defendants acted reasonably, in good faith, and complied with all pertinent constitutional, statutory and regulatory authority, all of which are pled as complete defense to Plaintiffs' claims asserted in this action.

## FIFTH DEFENSE

Defendants deny that Plaintiffs are entitled to any damages. To the extent that any injuries or damages did arise out of the facts alleged by Plaintiffs, such injuries and damages arose out of Plaintiffs' own actions or omissions, and thus Plaintiffs failed to mitigate their damages and Defendants plead such failure as a bar to damages or requiring a reduction of Plaintiff's alleged damages.

**SIXTH DEFENSE**

Defendants plead all other immunities to which they are entitled, including, but not limited to, governmental immunity, sovereign immunity, good-faith immunity, and/or public officer's immunity defenses.

**SEVENTH DEFENSE**

No act or failure to act by the Defendants was a proximate cause of the injuries or damages, if any, complained of by the Plaintiffs.

**EIGHTH DEFENSE**

Plaintiffs' Complaint fails to allege sufficient facts to state a claim for damages, including punitive damages against Defendants, and Defendants plead such failure in bar of any such recovery.  Specifically, Plaintiffs' Complaint fails to allege specific facts sufficient to make out the level of intentional conduct, reckless disregard of injury, or evil motive/intent by Defendants required to support a claim for punitive damages.  Further, several of Plaintiffs' claims do not allow for the recovery of damages against a State actor.

**NINTH DEFENSE**

Plaintiffs' claims are barred to the extent Plaintiffs have failed to exhaust administrative remedies.

**TENTH DEFENSE**

If the jury should find that the actions or omissions of any other person(s) were a proximate cause of injury to Plaintiffs and thereby interrupted the casual relationship

13

between any alleged (but denied) wrongful actions of Defendants with respect to the alleged injury to Plaintiffs, Defendants plead such intervening and superseding actions as a complete bar against any recovery by Plaintiffs from Defendants in this matter.

### ELEVENTH DEFENSE

Defendants met any obligations it may have had to Plaintiff(s) and the principles of accord and satisfaction prevent any recovery.

### TWELFTH DEFENSE

Plaintiff(s) released any claims against Defendants to the extent that Plaintiff(s) accepted the unit that was delivered.

### THIRTEENTH DEFENSE

To the extent that Plaintiff(s) accepted the unit, Plaintiff has waived any right to raise the claims herein.

### FOURTEENTH DEFENSE

Plaintiff(s), by failing to select all boxes in the Replacement Home Accommodations section of the Manufactured Home Unit Replacement Form, assumed the risk that a unit would be delivered that would only contain the modifications requested and that further modifications would present an undue hardship to Defendants.

### FIFTEENTH DEFENSE

The Plaintiffs' claims for damages are also limited by the policy against economic

14

waste because the new manufactured housing unit provided by the manufactured and installed by Defendant Shepherd Response, LLC for Plaintiff Carl Davis was substantially completed in accordance with the construction contract, building permit, and resolution of warranty claims inclusive of the wheelchair accessibility features offered by the Defendant NCORR's CDBG-DR ReBuild NC Program.

## RESERVATIONS OF RIGHTS

Without waiving any other defenses or immunities asserted herein, Defendants assert any and all other legal or equitable defenses and/or immunities that currently exist and/or may be discovered hereinafter.

## PRAYER FOR RELIEF

WHEREFORE, Defendants hereby pray the Court as follows:

1. That Plaintiffs' Complaint be dismissed with prejudice;

2. That Plaintiffs have and recover nothing from Defendants in this action;

3. That the costs of this action, including reasonable attorneys' fees, be taxed against Plaintiffs;

4. For a trial by jury on all issues so triable; and

5. For such other and further relief as the Court deems just and proper.

15

Respectfully submitted this the 3rd day of December, 2025.

**JEFF JACKSON**
**Attorney General**

/s/ Emily Maloney
Emily Maloney
N. C. State Bar No. 52820
Special Deputy Attorney General
N. C. Department of Justice
Public Safety Section
P. O. Box 629
Raleigh, NC 27602-0629
Telephone: (919) 716-0026
Facsimile: (919) 716-6761
Email: emaloney@ncdoj.gov

16

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I electronically filed the foregoing document with the Clerk of

Court using the CM/ECF system, which will provide notice to the following counsel of

record:

Ashley Denise Skaff
Legal Aid of North Carolina, Inc.
Fair Housing
2101 Angier Avenue, Ste. 300
Durham, NC 27703
ashleys@legalaidnc.org
*Attorney for the Plaintiffs*

Jason Vincent Federmack
Jackson Lewis P.C. – Raleigh
3737 Glenwood Ave, Suite 450
Raleigh, NC 27612
Jason.federmack@jacksonlewis.com
*Attorney for Defendant,*
*Shepherd Response, L.L.C.*

This the 3rd day of December 2025.

/s/ Emily Maloney
Emily Maloney
Special Deputy Attorney General