# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### EASTERN DIVISION
### NO. 4:25-CV-59

| | | |
|---|---|---|
| **CARL DAVIS AND SHASMEKIA DAVIS** | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **REPORT OF THE PARTIES'** |
| **STATE OF NORTH CAROLINA;** | ) | **PLANNING MEETING** |
| **NORTH CAROLINA OFFICE OF** | ) | FED. R. CIV. P. 26(f) |
| **RECOVERY AND RESILIENCY;** | ) | |
| **SHEPHERD RESPONSE, L.L.C.** | ) | |
| *Defendants*. | ) | |

Pursuant to Fed. R. Civ. P. 26 (f), the parties report their meeting of counsel and Discovery Plan in the form provided pursuant to the form provided by Local Rule 26.1(e)(2) as follows:

1. **The following persons participated in a Rule 26(f) conference, conferring by telephone, on December 30, 2025:**

   Ashley Denise Skaff, representing Plaintiffs Carl and Shasmekia Davis

   Emily Maloney, representing Defendants State of North Carolina and North Carolina Office of Recovery and Resiliency

   Jason Federmack and Danielle Bland, representing Shepherd Response, L.L.C.

2. **Initial Disclosures.** The parties will complete the initial disclosures required by Rule 26(a)(1) no later than January 30, 2026.

3. **Discovery Plan.** The parties propose this discovery plan without waiving any objection that may be interposed consistent with Fed. R. Civ. P. 26(g):
   a. Discovery will be needed, but is not limited to, these subjects:
      i. Plaintiffs' claims, including their claim for damages;
      ii. Defendants' defenses and refutation of Plaintiffs' claims;
      iii. The relationship between Defendants;
      iv. The interactions between Plaintiffs and Defendants;
      v. The interactions among Defendants regarding the subject property;
      vi. Defendants' program policies and practices, including their treatment of persons similarly situated to Plaintiffs;

vii. Defendants' insurance coverage ;
viii. Plaintiff Carl Davis ;
ix. Plaintiff Shasmekia Davis's disabilities;
x. Plaintiffs' improvements inside and outside to their damaged manufactured housing unit that they made to accommodate any of their disabilities prior to Hurricane Matthew;
xi. Plaintiffs' improvements inside and outside to their damaged manufactured housing unit that they made to accommodate any of their disabilities prior to Hurricane Florence; and
xii. Plaintiffs' communications of Shasmekia Davis's housing-related disabilities to any Defendant at all times relevant to the litigation.

b. <u>Dates for commencing and completing discovery, including discovery to be commenced or completed before other discovery.</u>
i. The discovery period will commence February 16, 2026;
ii. The discovery period closes on December 16, 2026, ten (10) months after discovery commences;
iii. Discovery should not be phased.

c. <u>Maximum number of interrogatories by each party to another party, along with the dates the answers are due.</u>
i. The maximum number of interrogatories by each party will be governed by Fed. R. Civ. P. 33(a).
ii. Interrogatory answers will be due in accordance with Fed. R. Civ. P. 33(b).

d. <u>Maximum number of requests for production under Fed. R. Civ. P. 34.</u>
i. Each party may serve on any party no more than twenty-five (25) requests for production.
ii. Answers to requests for production will be governed by Fed. R. Civ. P. 34(b)(2)(A).

e. <u>Maximum number of requests for admission, along with the dates responses are due.</u>
i. Each party may serve on any party no more than twenty-five (25) requests for admission. Requests relating to the authenticity or admissibility of documents are not subject to this limitation.
ii. Answers to requests for admissions will be governed by Fed. R. Civ. P. 36(a).

f. <u>Maximum number of depositions by each party.</u>
i. Pursuant to Rule 30(a), each party may conduct ten (10) depositions, including depositions of experts, custodians or records, or persons beyond the reach of a trial subpoena, unless otherwise mutually agreed upon by the parties or ordered by the Court.

g. <u>Limits on the length of depositions, in hours.</u>
  i. The durational limitation on depositions will be governed by Fed. R. Civ. P. 30(d)(1).
h. <u>Dates for exchanging reports of expert witnesses.</u>
  i. The report of any expert who will be used by a party in that party's case in chief will be served by September 1, 2026.
  ii. Rebuttal expert reports will be served by October 15, 2026.
i. <u>Dates for supplementations under Rule 26(e).</u>
  i. Each party will supplement its disclosures and discovery responses thirty (30) days before the discovery cutoff date.
  ii. Notwithstanding the supplementation milestones set under paragraph 3(i)(1), each party will supplement its disclosures and discovery responses in a timely manner to avoid prejudice against other parties.
j. <u>Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.</u>
  i. Paper records will be produced as kept in the ordinary course of business unless production in that form creates undue hardship on the producing party. If paper records are kept in a file folder, then a copy of the file folder will be produced. If paper records are not kept in file folders, separate sheets will be inserted between documents to delimit where individual documents start. The originals of records produced will be made available for inspection upon reasonable request.
  ii. Except for electronically stored information (ESI), documents will be produced in pdf format. Each page will be bates stamped. Each bates stamp will consist of a source-identity prefix and sequential numbering for records produced with that prefix.
  iii. To the extent accessible, ESI will be produced in its native format. If any ESI is determined to be inaccessible by the requesting party, then the producing party will attempt to produce accessible copies, if available, and, if needed, seek a protective order pursuant to Fed. R. Civ. P. 26(b)(2)(B).
  iv. The inadvertent disclosure of privileged or work product protected material will be governed by Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 (b). These protections will apply to the greatest extent possible.
k. <u>Any issues about claims of privilege or of protection as trial preparation materials, including – if parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Fed. R. Evid. 502.</u>
  i. Materials withheld under a claim of privilege or work product protection will be logged pursuant to Fed. R. Civ. P. 26(b)(5).

      ii.  Communications by attorneys regarding this action need not be logged, including attorney-client communications and work-product communication by an attorney or between attorney and client.

      iii.  The inadvertent disclosure of privileged or work product protected material will be governed by Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502(b). The parties agree that an inadvertent disclosure of privileged or trial-preparation materials (absent a clear indication of the intent to waive such privilege or protection), including but not limited to metadata and other such information, shall not be deemed a waiver or forfeiture of such privilege or protection provided that the party making the production or disclosure promptly identifies such documents and/or metadata mistakenly produced after discovery of the inadvertent production. This shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(b).

**4. Other Items:**

  a.  <u>A date if the parties ask to meet with the court before a scheduling order</u>.

      i.  The parties do not request an initial pretrial conference with the Court prior to the entry of the Scheduling Order.

  b.  <u>Requested dates for pretrial conferences</u>.

      i.  The parties request a pretrial conference to be scheduled at least thirty (30) days prior to trial.

  c.  <u>Final dates for the plaintiff to amend pleadings or to join parties</u>.

      i.  Any motion to amend the pleading or to join parties will be filed with the Court no later than March 16, 2026.

  d.  <u>Final dates for the defendant to amend pleadings or to join parties</u>.

      i.  Any motion to amend the pleading or to join parties will be filed with the Court no later than March 16, 2026.

  e.  <u>Final dates to file dispositive motions</u>.

      i.  Pursuant to Local Rule 7.1, all motions must be filed no later than January 18, 2027 (30 days after the conclusion of discovery).

  f.  <u>State the prospects for settlement.</u>

      i.  At this time, settlement in this case cannot yet be adequately evaluated.

  g.  <u>Identify any alternative dispute resolution procedure that may enhance settlement prospects and the timing of such procedure.</u>

      i.  The prospect of settlement may be enhanced by the use of a Mediated Settlement Conference. On October 8, 2025, the Court ordered this action. Notice of this Order and a list of certified mediators with the Eastern District was served via ECF on December 30, 2025 (ECF 21).

      ii.  The parties agree that the above ADR procedure would be most productive in or around late October 2026 or early November 2026.

h. <u>Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists</u>.
   i. All Rule 26(a)(3) pretrial disclosures must be submitted no later than 30 days prior to trial.
i. <u>Final dates to file objections under Rule 26(a)(3)</u>.
   i. All Rule 26(a)(3) objections must be filed no later than 14 days after the deadline for pretrial disclosures.
j. <u>Suggested trial date and estimate of trial length</u>.
   i. The parties suggest the trial be set 90 days after the Court rules on any dispositive motions. This will allow time for ruling without the parties having to concurrently take on the expense of trial preparation.
   ii. It is estimated that the trial would take four (4) days, excluding the time for jury selection.
k. <u>Other matters</u>.
   i. The parties agree that service will be accomplished by electronic transmission pursuant to Fed. R. Civ. P. 5(b)(2)(E);
   ii. To facilitate responses, the parties agree to provide on request copies of discovery requests and Local Civil Rule 56.1(a) statements in Word or similar, editable format;
   iii. A party seeking to serve a notice or subpoena on an organization, including upon Defendants State of North Carolina, North Carolina Office of Recovery and Resiliency, and Shepherd Response, LLC, to take a Rule 30(b)(6) deposition must first confer with the organization to be served in good faith about the matters for examination. In response to a notice of deposition under Fed. R. Civ. P. 30(b)(6), the responding party will make best efforts to disclose, at least seven (7) days before the deposition, the name and topic of each person designated to provide testimony;
   iv. The parties agree that exhibits used in any deposition will be marked sequentially from those exhibits entered in the immediate and prior deposition (regardless of which party introduced the exhibit in the prior deposition).

5. **Chronological Chart for Proposed Litigation Schedule**:

| No. | Activity | Deadline |
|---|---|---|
| 01 | Exchange initial disclosures | January 30, 2026 |
| 02 | Motions to amend the pleadings or join additional parties | March 16, 2026 |
| 03 | Exchange reports of expert witnesses | *Initial*: September 1, 2026 <br> *Rebuttal*: October 15, 2026 |
| 04 | Close of discovery | December 16, 2026 |

| 05 | Last day to file dispositive motions | January 18, 2027 |
|---|---|---|
| 06 | Rule 26(a)(3) pretrial disclosure (including buy but not limited to: witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists) | All Rule 26(a)(3) pretrial disclosure must be submitted no later than 30 days prior to trial. |
| 07 | Rule 26(a)(3)(B) objections | All Rule 26(a)(3) objections must be filed no later than 14 days after the deadline for pretrial disclosures. |
| 08 | Transmit proposed pretrial order | The parties will transmit a proposed pretrial order no later than seven (7) days prior to the pretrial conference. |
| 09 | Final pretrial conference | The parties request a pretrial conference to be scheduled at least thirty (30) days prior to trial. |
| 10 | Suggested date of trial and estimated length of time. | The parties suggest the trial be set 90 days after the Court rules on any dispositive motions; four (4) trial days, excluding time for jury selection |

Date:   1/13/26                                               /s/ Ashley Denise Skaff
                                                              Ashley Denise Skaff
                                              Legal Aid of North Carolina, Inc. - Fair Housing
                                                          2101 Angier Ave. Ste. 300
                                                              Durham, NC 27703
                                                                (984) 297-2017
                                                            Fax: (919) 861-1887
                                                         AshleyS@legalaidnc.org
                                                            State Bar No. 54295
                                                          *Attorney for the Plaintiff*


Date:   1/13/26                                                /s/ Emily Maloney
                                                              Emily Maloney
                                                    Special Deputy Attorney General
                                                      N.C. Department of Justice
                                                          Public Safety Section
                                                              P.O. Box 629
                                                          Raleigh, NC 27602-0629
                                                              (919) 716-0026
                                                            Fax: (919) 716-6761
                                                          EMaloney@ncdoj.gov
                                                            State Bar No. 52820
                            *Attorney for Defendants NCORR and the State of North Carolina*


Date:   1/13/26                                               /s/ Jason V. Federmack
                                                              Jason V. Federmack
                                                              Jackson Lewis P.C.
                                                        3737 Glenwood Avenue, Ste. 450
                                                              Raleigh, NC 27612
                                                                (919) 760-6460
                                                            Fax: (919) 760-6461
                                                      Jason.federmack@jacksonlewis.com
                                                            State Bar No. 46014
                                        *Attorney for Defendant Shepherd Response, L.L.C.*


Date:   1/13/26                                                /s/ Danielle Bland
                                                              Danielle Bland
                                                              Jackson Lewis P.C.
                                                        3737 Glenwood Avenue, Ste. 450
                                                              Raleigh, NC 27612
                                                                (919) 760-6442
                                                            Fax: (919) 760-6461
                                                        Dani.bland@jacksonlewis.com
                                                            State Bar No. 60022

*Attorney for Defendant Shepherd Response, L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, January 13, 2026, the foregoing **Report of the Parties' Planning Meeting** was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Emily Maloney
Special Deputy Attorney General
N.C. Department of Justice
Public Safety Section
Emaloney@ncdoj.gov
*Attorney for Defendants, State of North Carolina and North Carolina Office of Recovery and Resiliency*

Jason V. Federmack
Jackson Lewis P.C.
Jason.federmack@jacksonlewis.com
*Attorney for Defendant Shepherd Response, L.L.C.*

Danielle Bland
Jackson Lewis P.C.
Dani.bland@jacksonlewis.com
*Attorney for Defendant Shepherd Response, L.L.C.*

*********************************

Dated: January 13, 2026

*/s/ Ashley Denise Skaff*
Ashley Denise Skaff
Legal Aid of North Carolina, Inc. - Fair Housing
2102 Angier Ave. Ste. 300
Durham, NC 27703
(984) 297-2017
Fax: (919) 861-1887
AshleyS@legalaidnc.org
State Bar No. 54295
*Attorney for the Plaintiffs*