IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:25-CV-00178-BO

**Carl Davis and Shasmekia Davis**,

Plaintiffs,

v.

**State of North Carolina, et al.**,

Defendants.

**Scheduling Order**

After considering pleadings and the Rule 26(f) Report submitted by the parties (D.E. 22), the Court enters the following scheduling order:

**1.      Scope of Discovery**

The scope of discovery in this matter is limited to the issues identified in Paragraph 3(a) of the Rule 26(f) Report.

**2.      Initial Disclosures**

If the parties have not already done so, they will make the initial disclosures required by Rule 26(a)(1) by Friday, January 30, 2026.

**3.      Discovery Plan**

a.      All discovery shall be initiated in time to be completed by Wednesday, December 16, 2026.

b.      Each party may serve on any other party up to 25 Requests for Production pursuant to Rule 34.

c.      Any objection to Interrogatories or Requests for Production shall be stated with particularity.  Boilerplate objections (e.g. objections without a particularized basis, such as "overbroad, irrelevant, burdensome, not reasonably calculated to identify admissible evidence") may be treated as a failure to answer pursuant to Rule 37(a)(4).

d.      Each party may serve on any other party up to 25 Requests for Admission, excluding requests related to authenticity or admissibility of documents, pursuant to Rule 36.

e.      Each party may take up to 10 depositions, including expert witnesses and depositions pursuant to Rule 30(b)(6).  Absent a court order or stipulation by the parties, the length of each deposition shall be limited to seven hours on one day.  Time taken for breaks and recesses shall not count towards the hour limit.

f.      Supplementation required under Rule 26(e) shall occur in a timely manner and no later than Monday, November 16, 2026.

**4.      Expert Reports**

a.      The parties shall make the disclosures required by Rule 26(a)(2) on the following schedule:

i.      The parties' primary disclosures shall be made no later than Tuesday, September 01, 2026.

ii.      Rebuttal disclosures shall be made no later than Thursday, October 15, 2026.

**5.      Amendment of Pleadings and Addition of Parties**

a.      Except as provided by Rule 15(a), the parties must obtain leave of court to amend the pleadings or add parties.

b.      The parties shall file motions to amend the pleadings or join additional parties no later than Monday, March 16, 2026.

**6.      Protective Orders**

Any proposed protective orders that discuss filing materials under seal must comply with Local Civil Rule 79.2 and the presiding judge's practice preferences.  Failure to include the necessary language will result in the court denying the motion without prejudice.

**7.      Dispositive Motion Deadline**

The parties shall file any dispositive motions by Tuesday, January 19, 2027.

**8.      Alternative Dispute Resolution**

a.      The parties shall participate in a mediated settlement conference prior to the end of the discovery period.  The parties shall file a statement identifying an agreed-upon mediator within 21 days from the date of this order. If the parties fail to notify the court of their agreed-upon mediator by this deadline, the Clerk of Court may appoint a mediator.

b.     If a party or parties believe that this case should be exempted from the requirement to mediate, they may file a motion requesting an exemption. The motion should reflect the position of any party that has not joined in the motion. The court will consider the motion and determine, in its discretion, whether to grant the motion.

c.     If a party or parties believes that a form of alternative dispute resolution other than mediation, such as a summary trial or court-hosted settlement conference, would be beneficial, they may file a motion requesting to proceed in that manner.

**9.     Trial Date and Related Deadlines**

The trial date and related deadlines will be set by separate order at a later date. However, the court reserves the right to schedule the case for trial as soon as 30 days after the dispositive motion deadline.

**10.     Discovery of Electronically Stored Information**

a.   Paper records will be produced as kept in the ordinary course of business unless production in that form creates undue hardship on the producing party. If paper records are kept in a file folder, then a copy of the file folder will be produced. If paper records are not kept in file folders, separate sheets will be inserted between documents to delimit where individual documents start. The originals of records produced will be made available for inspection upon reasonable request.

b.   Except for electronically stored information (ESI), documents will be produced in pdf format. Each page will be bates stamped. Each Bates stamp will consist of a source-identity prefix and sequential numbering for records produced with that prefix.

c.   To the extent accessible, ESI will be produced in its native format. If any ESI is determined to be inaccessible by the requesting party, then the producing party will attempt to produce accessible copies, if available, and, if needed, seek a protective order pursuant to Fed. R. Civ. P. 26(b)(2)(B).

**11.     Claims of Privilege or Protection**

a.   Materials withheld under a claim of privilege or work product protection will be logged pursuant to Fed. R. Civ. P. 26(b)(5).

b.   Communications by attorneys regarding this action need not be logged, including attorney-client communications and work-product communication by an attorney or between attorney and client.

c. The inadvertent disclosure of privileged or work product protected material will be governed by Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502(b). The parties agree that an inadvertent disclosure of privileged or trial-preparation materials (absent a clear indication of the intent to waive such privilege or protection), including but not limited to metadata and other such information, shall not be deemed a waiver or forfeiture of such privilege or protection provided that the party making the production or disclosure promptly identifies such documents and/or metadata mistakenly produced after discovery of the inadvertent production. This shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(b).

**12.    Extensions of Time to Respond to Discovery Requests**

Under Rule 29(b) of the Federal Rules of Civil Procedure the parties may stipulate to extensions of time to respond to discovery and do not need to seek court approval unless the proposed extension would interfere with the time set for completing discovery, for hearing a motion, or for trial.  Motions for extensions of time to respond to discovery that could be addressed through a stipulation will be viewed with disfavor by the court.

**13.    Consent to Magistrate Judge Jurisdiction**

A United States magistrate judge is available to conduct all proceedings in this action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent and the district judge agrees that referral would be appropriate.  The consent form is available on the court's website.

The remaining portions of the Rule 26(f) Report that are not inconsistent with this Scheduling Order are approved and adopted by the court.

Dated:  January 15, 2026

_____
Robert T. Numbers, II
United States Magistrate Judge